**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

James Christian Peters,

Plaintiff,

v.

Robert Feneis, Maile Tolbert, Sandra Thomas, Jan Haugen, Henry Wesley, Debarah Cole, and Deanna Alvard,

Defendants.

Civ. No. 09-60 (JRT/JJK)

**REPORT AND RECOMMENDATION**

---

James Christian Peters, #225837, 7525 Fourth Avenue, Lino Lakes, MN 55014, *pro se*.

Margaret E. Jacot, Minnesota Attorney General's Office, counsel for Defendants.

---

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Defendants' Motion to Dismiss or for a More Definite Statement (Doc. No. 12). The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons discussed below, this Court recommends that Defendants' motion be granted and this action be dismissed with prejudice.

## BACKGROUND

Plaintiff is an inmate incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota. He contends that during his pre-sentence investigation a Dakota County investigator incorrectly stated in the pre-sentence investigation report that Plaintiff was convicted of a criminal sexual offense by a Florida court.

Although he was charged with a criminal sexual offense in St. Lucie County, Florida in 1998, Plaintiff says that the adjudication of the matter was "withheld" in contemplation of dismissal, and, once probation time was completed and satisfied, the case was dismissed. Therefore, Plaintiff asserts that there was no conviction.

In the Amended Complaint in this case, which is titled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983," Plaintiff contends that the mistaken report by the Dakota County pre-sentence investigator has never been corrected by the Minnesota Department of Corrections. (Doc. No. 5.) As a result, the Department of Corrections has used the incorrect statement in the Dakota County records to improperly characterize him as a former sex offender and to deny him work release, unsupervised visits with minors, and transfer to a minimum security facility. Plaintiff claims that he has raised his concerns about the incorrect information in his file with the various individual Defendants—DOC employees with whom he has interacted in connection with this problem—but they have failed to correct the information in the file.[1] Plaintiff asks this Court to "find the Defendants guilty of keeping inaccurate records in my DOC file," to

[1] It appears that in response to Plaintiff's administrative grievances, the Minnesota Department of Corrections took the position that even if Plaintiff was correct about the actual disposition of the Florida case, this still resulted in Plaintiff having a "prior sex offense" in another state, and thus disqualified Plaintiff from the various privileges that he seeks, such as work release. (Doc. No. 5 at 3.) This Court does not address the merits of this position because, even when assuming the facts are true as alleged by Plaintiff, the Amended

(Footnote Continued on Following Page)

direct the DOC to "stop wrongfully classifying me as a convicted sex offender," and to require Defendants to pay damages and fees. (Doc. No. 5.)

In his initial Complaint, Plaintiff sued the Minnesota Department of Corrections, but not any of the individual Defendants, seeking the same sort of relief. (Doc. No. 1.) On January 15, 2009, this Court issued an Order stating that the Complaint "does not adequately identify the specific legal theory on which Plaintiff is seeking relief" and providing that any Amended Complaint "must identify the specific constitutional or legal basis for his claims against each named defendant." (Doc. No. 3.) In Plaintiff's Amended Complaint, he dropped the Minnesota Department of Corrections as a defendant, but named the individual Department of Corrections employees. Other than the general reference in the caption of the Amended Complaint to § 1983, the only federal statute referenced in the Amended Complaint is a reference to "The Privacy Act Sections (e)(5) + (g)(1)(E)" which, according to the Amended Complaint, "both simply state all agencies must maintain accurate and true records to assure a person's fairness in decision." (Doc. No. 5 at 4.) The only reference to any constitutional violation appears in Plaintiff's response to Defendant's Motion to Dismiss, in which the Plaintiff asserts that: "According to our constitution, I am protected by a simple right of innocence until proven guilty. This right has been violated since a Florida court <u>did not</u> find me guilty and ended my case as a

(Footnote Continued from Previous Page)
Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

‘withhold of adjudication’.” (Doc. No. 17 (emphasis in original).)

In lieu of answering the Amended Complaint, Defendants have moved to dismiss on the grounds that (a) the Amended Complaint fails to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)); and (b) the Complaint fails to state a basis for the Court’s subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)). Alternatively, Defendants move for a more definite statement under Fed. R. Civ. P. 12(e). As described below, this Court recommends that the Amended Complaint be dismissed with prejudice because it fails to state a claim upon which relief can be granted.

## ANALYSIS

### I. Standard of Review

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal

Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 545.

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 409 U.S. 319, 326 (1989).

## II. The Amended Complaint Fails to State a Claim for Relief for Violation of a Federal Statute

Section 1983 does not itself create or establish any federally protected right. Instead, it creates a cause of action for Plaintiff to enforce federal rights created elsewhere—federal rights created by the federal Constitution or by other federal statutes. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In other words, § 1983 fulfills the procedural or remedial function of authorizing a plaintiff to assert a claim for relief against a defendant who, acting under color of state law, violated the plaintiff's federal rights. Liberally construing Plaintiff's *pro se*

pleading, this Court interprets the Amended Complaint as asserting a violation of a federal statute, the Privacy Act of 1974, 5 U.S.C. § 552a.

The relevant sections of the Privacy Act cited by Plaintiff appear to be 5 U.S.C. § 552a(e)(2) and (g)(1), which state the following:

> (e) Agency Requirements. - - Each agency that maintains a system of records shall - -
>
> . . . .
>
> (2) collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs;
>
> . . . .
>
> (g)(1) Civil Remedies. - - Whenever any agency
>
> (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
>
> (B) refuses to comply with an individual request under subsection (d)(1) of this section;
>
> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in

> such a way as to have an adverse effect on an individual,
>
> the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions o this subsection.

The record-keeping provisions of the Privacy Act are limited to federal agencies. The Amended Complaint thus fails to state a claim under the Privacy Act because "[t]he civil remedy provisions of the [privacy act] do not apply against private individuals, . . . state agencies, . . . private entities, . . . or state and local officials." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) (citations omitted) (stating that the private right of action created by Privacy Act is specifically limited to actions against federal agencies). The Privacy Act provides Plaintiff with no private cause of action against the named Defendants in either their personal or official capacities. *See Spurlock v. Ashley County*, 281 Fed. Appx. 628, 629 (8th Cir. 2008) (concluding that the plaintiff failed to state a claim against the state and municipal officials because there is no private right of action against municipal or state agencies under the Privacy Act); *see also Pennyfeather v. Tessler*, 431 F.3d 54, 56 & n.1 (2d Cir. 2005) (concluding that there is no private right of action under Privacy Act against an official or employee of a municipal or state agency); *Schmitt v. City of Detroit*, 395 F.3d 327, 329-31 (6th Cir. 2005) (holding that the Privacy Act applies exclusively to federal agencies); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983) (stating that the Privacy Act applies only to federal agencies). Therefore, the

Amended Complaint fails to state a claim for relief for violation of a federal statute.

**III. The Amended Complaint Fails to State a Claim for Relief for a Constitutional Violation**

Plaintiff also asserts that Defendants' failure to correct the statements in his Department of Corrections file concerning his criminal history violated the "simple right of innocence until proven guilty," which Plaintiff asserts is accorded to him under the U.S. Constitution. Presumably, Plaintiff is referring to the "presumption of innocence" in a criminal trial. Although the presumption of innocence is not articulated in the Constitution, it is "a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). The presumption operates at the guilt phase of a trial to remind the jury that the state has the burden of establishing every element of the offense beyond a reasonable doubt. *Taylor v. Kentucky*, 436 U.S. 478, 483 n.12 (1978). However, once a defendant has been convicted fairly in the guilt phase of a trial, the presumption of innocence disappears. *See Herrera v. Collins*, 506 U.S. 390, 399 (1993).

The presumption of innocence is only a component of the assurance of a fair trial. It has no applicability in circumstances such as this one, where the Department of Corrections utilizes a pre-sentencing investigatory report in a prisoner's file to characterize the prisoner as a former sex offender and to deny him privileges or other treatment which might otherwise be available to inmates

who are not so characterized. The Department of Corrections is not subject to the burden of proving Plaintiff's guilt for the underlying criminal sexual offense. Because Plaintiff does not state a claim for any constitutional violation which might be pursued in a § 1983 action, Defendants' motion should be granted.

## CONCLUSION

Plaintiff says that he "filed suit in Federal Court because I did not want to conflict in a state court by suing employees of a state agency." (Doc. No. 17.) However, the federal courts are courts of limited jurisdiction and Plaintiff's concern about how a state court may view a case against state employees is not a basis for this federal court to adjudicate this Minnesota state prison administration issue. The Minnesota state courts are, of course, a separate and independent branch of the state government, and there is absolutely nothing to suggest that Plaintiff would not receive a fair hearing on the merits of any claim he brought there. The Amended Complaint filed in this Court should be dismissed.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Doc. No. 12), be **GRANTED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: August 31, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 15, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.