# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES CHRISTIAN PETERS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FENEIS, MAILE TOLBERT,<br>SANDRA THOMAS, JAN HAUGEN,<br>HENRY WESLEY, DEBARAH COLE,<br>and DEANNA ALVARD,<br><br>Defendants. | Civil No. 09-60 (JRT/JJK)<br><br>**ORDER ON REPORT AND<br>RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

James C. Peters, #225837, Minnesota Correctional Facility – Lino Lakes, 7525 4th Avenue, Lino Lakes, MN 55014, plaintiff *pro se*.

Margaret Jacot, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, Suite 900, 445 Minnesota Street, St. Paul, MN 55101-2127, for defendants.

This matter is before the Court on the objections of plaintiff James Christian Peters to a Report and Recommendation issued by United States Magistrate Judge Jeffrey J. Keyes on August 31, 2009. After a *de novo* review of those objections, *see* 28 U.S.C. § 636(b)(1); D. Minn. Local Rule 72.2(b), the Court adopts the Report and modifies the Recommendation, grants defendants' motion for a more definite statement, and grants Peters' request for leave to file a second amended complaint, for the reasons set forth below.

## BACKGROUND

On January 13, 2009, Peters filed a *pro se* "Complaint for violation of civil rights under 42 U.S.C. 1983" against the Minnesota Department of Corrections. (Docket No. 1 at 1.) Peters is a prisoner at the Minnesota Correctional Facility in Lino Lakes, Minnesota. (Docket No. 3 at 1.) On January 15, 2009, the Magistrate Judge issued an order pursuant to 28 U.S.C. § 1915A directing Peters to file an Amended Complaint "clearly identify[ing] each individual Defendant who is being sued, bearing in mind that the State of Minnesota, and all agencies of the State of Minnesota, are immune from suit in federal court under the Eleventh Amendment." (Docket No. 3 at 3.) The Order further directed Peters to "describe what, specifically, **each individual named Defendant** allegedly did (or failed to do) that purportedly entitles Plaintiff to legal recourse against that Defendant." (*Id.* at 3-4.) Finally, it directed Peters to "identify the specific constitutional or other legal basis for his claims against each named Defendant." (*Id.* at 4.)

On February 2, 2009, Peters filed an "Amended Complaint for violation of civil rights under 42 U.S.C. 1983." (Docket No. 5 at 1.) The Amended Complaint named as defendants Robert Feneis, Maile Tolbert, Sandra Thomas, Janice Haugen, Henry Wesley, Debra Cole, and Deanna Alvord (collectively "defendants").[1] (Docket No. 5 at 1.) Part V of the *pro se* complaint form Peters used is entitled "Relief" and instructs

---

[1] The docket and caption use the spelling of defendants' names as provided by Peters. The Court has corrected the spelling here to conform to the spelling used by counsel for defendants.

complainants to "State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no case or statutes." (*Id.* at 2.) In Part V, Peters wrote, "I would like the court to find the defendants guilty of keeping innacurate [sic] records in my D[epartment] o[f] C[orrections] file. This is in hope they will then be directed to fix it as well as stop wrongfully classifying me as a convicted sex offender. For the court to find the defendants responsible for all fees and damages." (*Id.*) Peters attached seven pages of narrative describing the actions of the individual defendants, all of whom work for the Minnesota Department of Corrections. (*Id.* at 5-11.) Peters allegedly interacted with all of the defendants in his effort to address the issues identified in the Amended Complaint. (*Id.*) Peters stated that he had been "classified as a sex offender/convicted" as a result of "a mistaken statement in [his] presentence investigation report (from Dakota County 11/07)." (*Id.* at 9.)

Peters also attached to his Amended Complaint a Grievance Report dated January 13, 2009, which included an original Grievance dated July 30, 2008. (*Id.* at 3-4.) In the Grievance, Peters wrote:

> Simply stated – my file states that I am a convicted sex offender from Florida (St. Lucie County) 4/1/98. This case was a withhold of [a]judication with a contemplation of dismissal. Once the probation time was completed and satisfied the case was dismissed and unconvicted. No felony conviction (or any conviction). Also my file states I am subject to lifetime registration and this is also false. M. Tolbert in St. Cloud also attempted to force registration on me right in her office. I denied it and thank God the Minnesota Offender Registry (B.C.A.) agreed with me as they investigated and found the mistake. Why is D.O.C. hiding from their responsibility to maintain & verify accurate records. Refer to the Privacy Act Sections (e)(5) + (g)(1)(C) both simply state all agencies must maintain accurate and true records to assure a person['s] fairness in decisions. How is it fair I am denied minimum [security] and work release due to this

> mistake. It is not my burden of proof it is D.O.C.'s to investigate any discrepancies and either **prove** them right or wrong. Not Ignore. Check my criminal record and you will not see a conviction in 4/1/98.

(Docket No. 5 at 4.) The "Institution Response" to the Grievance conceded that Peters is "not currently required to register as a predatory offender in the State of Minnesota." (*Id.* at 3.) It added, however, that "[t]he records that we receive from the courts and counties are the records that we maintain in your file. . . . [F]ile records indicate that you do have a prior sex offense in another state. We do not have the authority to change or disregard this information." (*Id.*)

On May 26, 2009, after the Court authorized Peters to proceed *in forma pauperis*, Peters wrote to the Clerk of Court asking, "what is the next step in the process?" (Docket No. 10 at 1.) He added, "if I need to request an attorney may I have that paperwork? I know I am the Plaintiff but do I not get a type of prosecutor or appointed attorney to help me state my civil rights violation in a correct legal way[?] This is the right of habeas corpus that I am inquiring about." (*Id.*)

On June 25, 2009, defendants filed a motion to dismiss or for a more definite statement. (Docket No. 12.) Defendants argued that Peters had "failed to state a basis for the Court's subject matter jurisdiction and . . . ha[d] failed to state a claim upon which relief can be granted." (Docket No. 13 at 1.) They moved in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e). (Docket No. 12.)

On July 14, 2009, Peters filed a letter in response. (Docket No. 17.) In his response, Peters explained that he "filed suit in Federal Court because [he] did not want a

conflict in a state court by suing employees of a state agency." (*Id.* at 1.) He added that he has a constitutional

> right of innocence until proven guilty. This right has been violated since a Florida court **did not** find me guilty and ended my case as a 'withhold of adjudication'. This according to Florida law is in the same class as a dismissal and end to prosecution. Therefore, with these seven employees ignoring this fact and using a mistaken sentence off of my [Pre-Sentence Investigation], they are violating my constitutional rights.

(Docket No. 17 at 1.) Peters also disputed that the Privacy Act applies only to federal agencies, arguing that employees of the Minnesota Department of Corrections are not "immune from this law" because "federal law is supreme law of the land." (*Id.*) Peters requested the following relief: "fixing my file and my classification plus the cost of time lost at not going to work release." (*Id.*)

On July 16, 2009, defendants filed a reply. (Docket No. 18.) They noted that the Privacy Act of 1974 does not create a private cause of action against state or local government agencies. (*Id.* at 2.) They further noted that Peters "has not identified any federal statutes or constitutional provision governing the facts at issue." (*Id.*)

On August 31, 2009, the Magistrate Judge filed a Report and Recommendation recommending that defendants' motion to dismiss be granted and that the action be dismissed with prejudice. (Docket No. 20 at 9.) On September 14, 2009, Peters filed his objection to the Report and Recommendation. (Docket No. 21.) The objection stated that the Minnesota Department of Corrections "and its employees are actively discriminating against myself based on their false belief that I am a convicted sex offender." (*Id.* at 1.) Peters conceded that he "may not have filed statutes or cited laws

correctly," but noted that he was "doing this by myself and will now seek an attorney to advocate to help clarify this for an amend[ed] complaint. I will continue to pursue this discrimination by the defendants and I ask for time to clarify my complaint by seeking legal help." (*Id.*)

## ANALYSIS

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to file a motion to dismiss for lack of subject-matter jurisdiction. "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction[.]" *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Courts are to construe *pro se* complaints liberally, but such complaints "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "In determining whether jurisdiction exists, the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Timmerman v. Thompson*, No. 03-5221, 2004 WL 1765285, at *2 (D. Minn. Aug. 5, 2004) (internal quotation marks omitted).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is proper when the plaintiff's complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face. The complaint is construed most favorably to the nonmoving party." *Northstar Indus., Inc. v.*

*Merrill Lynch & Co.*, 576 F.3d 827, 831-32 (8th Cir. 2009) (internal quotation marks and some citations omitted). The court must "grant[] all reasonable inferences in favor of the . . . non-moving party." *Minneapolis Taxi Owners Coal., Inc. v. City of Minneapolis*, 572 F.3d 502, 506 (8th Cir. 2009).

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements." *Scribner v. McMillan*, No. 06-4460, 2007 WL 685048, at *3 (D. Minn. Mar. 2, 2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal quotation marks and citations omitted)). "When examining whether a more definite statement is required under Rule 12(e), the only question is whether it is possible to frame a response to the pleading." *Lyon Fin. Servs., Inc. v. MBS Mgmt. Servs., Inc.*, No. 06-4562, 2007 WL 2893612, at *9 (D. Minn. Sept. 27, 2007). A Rule 12(e) motion is properly granted "where the allegations are so vague or unintelligible that no reasonable response can be expected." *Id.*

## II. PETERS HAS FAILED TO IDENTIFY A FEDERALLY PROTECTED RIGHT THAT COULD BE ENFORCED UNDER 42 U.S.C. § 1983.

"Section 1983 creates a cause of action against a person acting 'under color of any statute . . . of any State' who deprives another of a federally protected right." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quoting 42 U.S.C. § 1983). Section 1983 "does not provide substantive rights." *Johnson v. City of Minneapolis*, 152 F.3d 859, 861 (8th Cir. 1998). Therefore, "[t]o establish a section 1983 cause of action, [Peters] must establish []he was deprived of a right 'secured by the Constitution and laws' of the United States[.]" *Ottman v. City of Independence*, 341 F.3d 751, 756 (8th Cir. 2003) (quoting 42 U.S.C. § 1983).

### A. The Privacy Act Does Not Create a Right That Is Enforceable Against State Agencies Under 42 U.S.C. § 1983.

"It is well recognized that a plaintiff may use section 1983 to enforce not only rights contained in the constitution, but also rights that are defined by federal statutes." *Grey v. Wilburn*, 270 F.3d 607, 611 (8th Cir. 2001) (internal quotation marks omitted). "Violation of a federal statute does not automatically give rise to a civil rights claim under § 1983." *Frison v. Zebro*, 339 F.3d 994, 998 (8th Cir. 2003). Rather, "Section 1983 provides a method of redress only for those federal statutes which create enforceable rights, privileges, or immunities within the meaning of § 1983." *Id.* (internal quotation marks omitted).

The Amended Complaint references one federal statute: "the Privacy Act section (e)(5) + (g)(1)(C)." (Docket No. 5 at 4.) Peters argues that these provisions "simply state

all agencies must maintain accurate and true records to assure a person['s] fairness in decisions." (*Id.*) The Privacy Act of 1974 is codified at 5 U.S.C. § 552a. Privacy Act of 1974, Pub. L. No. 93-579, 1974 U.S.C.C.A.N. (88 Stat. 1896) 2177. Subsection (e)(5) requires "[e]ach agency that maintains a system of records" to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). Subsection (g)(1)(C) allows an individual to "bring a civil action against the agency" if the agency

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

*Id.* § 552a(g)(1)(C). Subsection (g)(1) confers jurisdiction upon the district courts of the United States to hear such civil actions. *Id.* § 552a(g)(1).

The civil action provisions of the Privacy Act referenced above apply only to federal agencies and employees. Section (a)(1) of the Privacy Act states that "the term 'agency' means agency as defined in section 552" of Title 5. Section 552 defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* § 552(f)(1). The federal courts of appeals have consistently interpreted this definition to limit the above-referenced civil remedy provisions of the

Privacy Act to claims against federal agencies. *See Spurlock v. Ashley County*, 281 Fed. Appx. 628, 629 (8th Cir. 2008); *see also United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) ("The Federal Privacy Act does not apply to state agencies."); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) ("This Court, joining many of its sister Circuits, has accordingly held that the private right of civil action created by the Privacy Act is specifically limited to actions against agencies of the United States government."); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983); *cf. Schwier v. Cox*, 340 F.3d 1284, 1287-88, 1992 (11th Cir. 2003) (noting that section 7 of the Privacy Act, which concerns the denial of benefits only when an individual refuses to disclose his social security number to an agency, applies to state and local as well as federal agencies, and holding that "rights conferred by section 7 may be enforced under § 1983" against state agencies); *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005) (holding in the context of a section 7 claim that "the Privacy Act applies exclusively to federal agencies"); *Ingerman v. Del. River Port Auth.*, 630 F. Supp. 2d 426, 433 (D.N.J. 2009) (discussing the split among the circuits regarding whether section 7 allows a private cause of action against state agencies).

Because all of the named defendants in the Amended Complaint are employees of the Minnesota Department of Corrections, which is not a federal agency, Peters has failed to state a claim under the federal Privacy Act.

**B.	The Constitutional Presumption of Innocence Does Not Attach to the Alleged Conduct.**

Peters also alleges that defendants' conduct has violated his constitutional rights. (Docket No. 17 at 1.)  He argues that, "[a]ccording to our constitution, I am protected by a simple right of innocence until proven guilty," and that the defendants, in not acknowledging that "a Florida court **did not** find [Peters] guilty and ended [his] case as a 'withhold of adjudication,'" violated Peters' "constitutional rights." (*Id.*)  Peters appears to argue that Minnesota officials have erred in construing the Florida court's disposition of that offense as a "conviction," and thereby have violated his right to be presumed innocent because Peters was never found guilty of that offense.

The presumption of innocence may implicate the constitutional right to a fair trial. *See Kellogg v. Skon*, 176 F.3d 447, 451 (8th Cir. 1999).  "A person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt."  *Herrera v. Collins*, 506 U.S. 390, 398 (1993). The presumption "remains with the defendant through every stage of the trial, . . . [and] is extinguished only upon the jury's determination of guilt beyond a reasonable doubt." *Kellogg*, 176 F.3d at 451; *see Dist. Attorney's Office v. Osborne*, 129 S. Ct. 2308, 1210 (2009).

Florida courts have the discretionary authority to "stay and withhold the adjudication of guilt" if the court concludes "that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law."

Fla. Stat. § 948.01(2). Withholding adjudication occurs either pursuant to a plea agreement or after a jury finds the defendant guilty beyond a reasonable doubt. *See State v. McFadden*, 772 So. 2d 1209, 1211 (Fla. 2000) ("[T]rial courts may withhold adjudication of guilt after a plea has been accepted or after a verdict of guilty has been rendered and place the defendant on probation provided that the requirements of section 948.01(2), Florida Statutes (1997), are met." (emphasis omitted)). A Florida trial court has the option to withhold adjudication "once any required pre-sentencing procedures are concluded" if the court "places the defendant on probation." *State v. Tribble*, 984 So. 2d 639, 640 (Fla. Dist. Ct. App. 2008). Under Florida law, a "withhold adjudication" constitutes a conviction for some purposes, but not for others. *See Washington v. State*, 988 So. 2d 724, 725 (Fla. Dist. Ct. App. 2008).

The constitutional right to a fair trial does not extend to the claims alleged in the Amended Complaint against the defendants. None of the facts alleged in the Amended Complaint suggests that the Florida court withheld adjudication without Peters' consent. Regardless of whether the court withheld adjudication after a guilty verdict or pursuant to a plea agreement, Peters has not alleged any facts to suggest that the withholding of adjudication **itself** violated his right to a fair trial, including his right to be presumed innocent until proven guilty. Moreover, even if Peters had not consented to the withholding of adjudication, no action taken now, by officials of the State of Minnesota, could violate Peters' right to a fair trial on the charges giving rise to the withholding of adjudication in Florida in 1998.

### III. PETERS' REMAINING ALLEGATIONS RELATING TO FEDERAL QUESTION JURISDICTION ARE SO VAGUE AND AMBIGUOUS THAT DEFENDANTS CANNOT REASONABLY RESPOND.

Peters concedes that he "may not have filed statutes or cited laws correctly." (Docket No. 21 at 1.) He asserts that the Minnesota Department of Corrections "and its employees are actively discriminating against myself based on their false belief I am a convicted sex offender." (*Id.*) With the exception of the Privacy Act and presumption of innocence arguments discussed above, it is not possible for defendants to frame a response to Peters' allegations that defendants have violated Peters' federal statutory or constitutional rights, because Peters has failed to identify the federal rights forming the basis for his § 1983 claim.[2] Defendants argue that "[w]ithout a statement of legal claims, Defendants cannot identify and plead affirmative defenses and are incapable of filing a responsive pleading." (Docket No. 13 at 10.)

It is possible that, construed liberally, the Amended Complaint could form the basis for jurisdiction under 42 U.S.C. § 1983. *See White v. Klutzy*, 494 F.3d 677, 680 n.1 (8th Cir. 2007). At present, however, it is unclear whether Peters has identified a federal statutory or constitutional right that could form the basis for a § 1983 cause of action. As a result, the allegations in the Amended Complaint are too vague and ambiguous to allow defendants to frame a response. Therefore, the Court grants defendants' motion for a more definite statement. The Court construes Peters' objections to the Report and

---

[2] Peters does not dispute that there is no diversity of citizenship. (*See* Docket No. 13 at 4; Docket No. 17 at 1.)

Recommendation to include a request for leave to file a second amended complaint, (*see* Docket No. 21 at 1), and grants Peters' request.

The Second Amended Complaint must comply with the "basic pleading requirements" set forth in the Magistrate Judge's Order of January 15, 2009 (substituting the words "Second Amended Complaint" for the words "Amended Complaint" in that Order), and must include a clear statement of the specific federal statutory or constitutional claim or claims that provide a basis for this Court to exercise federal subject matter jurisdiction over Peters' claim. Peters must not rely on the federal Privacy Act or the constitutional right to be presumed innocent until proven guilty as a basis for his claim. The Second Amended Complaint must also specify whether Peters is suing defendants in their official and/or individual capacities. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). (*See* Docket No. 13 at 7-8.)

If Peters fails to file a Second Amended Complaint within sixty days and fails to request in advance an extension of that time limitation, the Court will summarily dismiss the action without prejudice for lack of subject matter jurisdiction. *See Erickson v. U.S. Post Office*, 250 Fed Appx. 757, 758 (8th Cir. 2007) (modifying the court's dismissal for lack of subject-matter jurisdiction "to be without prejudice" because "Article III deprives federal courts of power to dismiss [a] case with prejudice where subject matter jurisdiction does not exist").

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 21] and **ADOPTS in part** and **MODIFIES in part** the Report and Recommendation of the Magistrate Judge [Docket No. 20]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or for a More Definite Statement [Docket No. 12] is **GRANTED in part** and **DENIED in part** as follows:

 a. The motion is **GRANTED** with respect to defendants' motion for a more definite statement;

 b. The motion is **DENIED without prejudice** with respect to defendants' motion to dismiss.

**IT IS FURTHER HEREBY ORDERED** that:

2. Plaintiff's request for leave to file a second amended complaint [see Docket No. 21] is **GRANTED**.

3. Plaintiff shall have ninety (90) days from the date of this Order to file a Second Amended Complaint consistent with the requirements set forth in this Order. If plaintiff fails to amend his complaint within the prescribed time period, this action will be summarily dismissed without prejudice for lack of subject-matter jurisdiction.

DATED: December 14, 2009  
at Minneapolis, Minnesota.

                                                   s/ John R. Tunheim  
                                              JOHN R. TUNHEIM  
                                           United States District Judge